UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| KVEN OJSC,<br><br>    Plaintiff,<br><br>v.<br><br>THUNDERBOLT ENTERPRISES, LTD.,<br><br>    Defendant. | Case No. 15-cv-02304-LB<br><br>**ORDER FOR REASSIGNMENT; REPORT AND RECOMMENDATION TO CONFIRM ARBITRAL AWARD BY DEFAULT JUDGMENT**<br><br>[ECF No. 17] |

## INTRODUCTION

Petitioner KVEN OJSC, a Russian Federation company, moves to confirm an international arbitration award under the Federal Arbitration Act (9 U.S.C. §§ 1-307) ("FAA") and, more specifically, under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517 (codified at 9 U.S.C. §§ 201-08) (hereinafter "New York Convention"). The award was issued in February 2012 in KVEN's favor against the respondent, Thunderbolt Enterprises, Ltd. (ECF No. 1-2 at 11-18 (arbitral decision) (English-language version).)[1]

KVEN served Thunderbolt with the petition that started this suit, a summons, and other docket

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of documents.

material. (ECF Nos. 12, 12-1, 18.) Thunderbolt has not opposed the petition or otherwise appeared in this action, and thus has not consented to the undersigned's jurisdiction. The clerk of court entered Thunderbolt's default on August 28, 2015. (ECF No. 16.) KVEN then moved for a final default judgment to confirm the arbitral award. (ECF Nos. 17 (motion), 18 (affidavit).) Thunderbolt has not opposed that motion.

The court held a hearing on December 10, 2015. The court now **ORDERS** that this case be reassigned to a district judge. Based on counsel's argument, KVEN's petition, and the supporting evidence, the court **RECOMMENDS** that the district court grant KVEN's motion for default judgment and confirm the arbitral award.

* * *

## STATEMENT

### 1. Facts

KVEN and Thunderbolt entered into a contract for the sale of seafood. (*See* ECF No. 1-2 at 12) (arbitration decision). According to KVEN, Thunderbolt failed to deliver the agreed goods, and did not refund an advance payment that KVEN had made under the contract. (*See* ECF No. 1 at 4:5-7; ECF No. 1-1 at 2-3 (contract); ECF No. 1-2 at 12-13 (arbitral decision).) The parties' contract called for disputes under the agreement to be resolved under the Commercial Arbitration Rules of the International Commercial Arbitration Court of the Russian Chamber of Commerce and Industry ("ICAC"). (ECF No. 1 at 3.) That body conducted an arbitration in which KVEN participated but Thunderbolt did not. (*E.g.,* ECF No. 1-2 at 11.) On February 2, 2012, ICAC issued its decision. (*Id.*, *passim*). It determined that Thunderbolt owed KVEN USD $30,380 to refund KVEN's advance payment, and USD $4638 for the costs of the arbitration. (*Id.* at 15.) Thunderbolt has paid no part of the award.

* * *

### 2. Procedural history in this court

On May 21, 2015, KVEN filed a petition in this court to confirm the ICAC award. (ECF No. 1.) Attached to the petition are certified copies of the parties' underlying contract (ECF No. 1-1 at 2-10) and of ICAC's arbitral decision and award (ECF No. 1-2 at 2-18). On August 19, KVEN

confirmed that it had served Thunderbolt with the petition, summons, and other docket material. (ECF Nos. 12, 12-1 (process server's affidavit); ECF No. 18.) Thunderbolt has not answered the petition or otherwise appeared in this suit. On August 28, following KVEN's supported motion (ECF Nos. 13-15), the clerk of court entered Thunderbolt's default (ECF No. 16). Then, on October 27, KVEN moved for a final default judgment confirming the ICAC award. (ECF Nos. 17-18.) KVEN served its motion on Thunderbolt. (ECF No. 17 at 3-4.) Thunderbolt has not opposed that motion.

The court held a hearing on KVEN's motion on December 10, 2015. (*See* ECF No. 23 (minute entry).) KVEN appeared; Thunderbolt did not. KVEN told the court that it had not any response from Thunderbolt in connection with the petition, generally, or the default-judgment motion, specifically.

\* \* \*

## ANALYSIS

### 1. Jurisdiction and venue

This court has subject-matter jurisdiction under 9 U.S.C. § 203 and 28 U.S.C. § 1331. This is an action to confirm an international arbitral award under the New York Convention, which is a treaty and law of the United States (codified at 9 U.S.C. §§ 201-08), and thus presents a federal question (9 U.S.C. § 203).

This court is the proper venue for this case under 9 U.S.C. § 204. This is a "court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought": Thunderbolt is a California corporation with its principal place of business in Novato, California and so, "save for the arbitration agreement," could be sued in this district. *See* 28 U.S.C. § 1391(b), (c); (ECF No. 1 at 2).

\* \* \*

### 2. Confirming the arbitral award

The New York Convention — which, again, is codified as part of the FAA at 9 U.S.C. § 201-08 — provides the following basic rule on confirming international arbitral awards:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this

ORDER; REPORT & RECOMMENDATION 15-cv-02304-LB

3

chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207.

There is no question that KVEN applied to confirm the ICAC award within three years of its issuance. (*See generally* ECF Nos. 1 to 1-2.) The New York Convention provides the following grounds for refusing to recognize arbitral awards:

1) Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:

   a. The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or

   b. The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or

   c. The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or

   d. The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

   e. The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

ORDER; REPORT & RECOMMENDATION 15-cv-02304-LB

4

2)  Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:

   a.  The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or

   b.  The recognition or enforcement of the award would be contrary to the public policy of that country.

New York Convention, *supra*, art. V; *Admart AG v. Stephen & Mary Birch Found., Inc.*, 457 F.3d 302, 307-08 (3rd Cir. 2006).

"To carry out the policy favoring enforcement of foreign arbitral awards, courts have strictly applied [these] Article V defenses and generally view them narrowly." *Id.* at 308. "The mandatory language of the Convention itself and of the FAA" indeed "leaves the district courts with 'little discretion'" in this area. *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1120 (9th Cir. 2002) (discussing jurisdictional aspects of New York Convention) (citing *Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.,* 969 F.2d 764, 770 (9th Cir. 1992)). The party resisting confirmation has the burden of establishing these defenses to enforcement. *See, e.g., Empresa de Telecomunicaciones de Bogota, S.A. E.S.P. v. Mercury Telco Grp., Inc.*, 670 F. Supp. 2d 1357, 1361 (S.D. Fla. 2009).

Thunderbolt has offered no proof that enforcement of the ICAC award should be refused or delayed for any of these reasons. Nor has the court seen, in the material that it has before it, any enumerated ground for refusing to confirm that award. The court must therefore confirm the award. *E.g.,* 9 U.S.C. § 207 ("The court shall confirm the award . . . .").

\* \* \*

### 3. Default judgment

Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for — and the court may grant — a default judgment against a defendant who has failed to plead or otherwise defend an action. *See Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). The factors set out in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), favor granting KVEN's motion for default judgment. Given the deferential FAA standard (which impacts "the merits of [the

ORDER; REPORT & RECOMMENDATION 15-cv-02304-LB

5

petitioner's] substantive claim"), the amount at stake, the unlikelihood "of a dispute concerning material facts," and the lack of circumstances showing that "the default was due to excusable neglect," the undersigned concludes that the court should enter the requested default judgment. *See id.* at 1471-72.

* * *

## CONCLUSION

Because Thunderbolt has not appeared in this suit, and thus has not consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c), the court **ORDERS** this matter reassigned to a district judge. The undersigned **RECOMMENDS** that Petitioner KVEN's motion to confirm the arbitration award and for final default judgment be granted. The court further **RECOMMENDS** that the district court **AWARD** KVEN the following relief: 1) $35,018 as the principal sum of the confirmed ICAC award; 2) post-judgment interest under 28 U.S.C. § 1961 until the judgment is satisfied; and 3) the further costs of collection.

Any party may serve and file specific written objections to this recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); Civil L.R. 72-3. Failure to file written objections within the specified time may waive the right to appeal the District Court's order.

KVEN must serve this Report and Recommendation on Thunderbolt.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: December 10, 2015

_____
LAUREL BEELER
United States Magistrate Judge